Judge Berman

07 CIV 8176

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MOUJAN VAHDAT,

                Plaintiff,

-against-

AMERICAN AIRLINES, INC.
TAM, S.A.

                Defendants.
------------------------------------------------------------------X

Docket No.:

**NOTICE OF REMOVAL**

SEP 19 2007
U.S.D.C. S.D. N.Y.
CASHIERS

**S I R S:**

**PLEASE TAKE NOTICE** that defendant, AMERICAN AIRLINES, INC., by and through its attorneys, **RUTHERFORD & CHRISTIE, LLP**, hereby removes this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441 and § 1331.

1. This action was commenced against the defendant in the Supreme Court of the State of New York, New York County, by the filing of a Summons and Verified Complaint with the Clerk of the Court on or about August 13, 2007.

2. The plaintiff seeks damages for lost luggage in the amount of $7,000.00 along with an additional $75,000.00 for alleged slander per se and abuse by defendant, TAM, S.A. and its employees. The plaintiff was traveling from New York to Asuncion, Paraguay when his luggage was allegedly lost.

3. The plaintiff's claim, therefore, is governed by the Warsaw Convention and the Montreal Convention. The plaintiff was engaged in "international transportation as defined by the Warsaw Convention[1].

4. As a treaty of the United States, the Warsaw Convention and the Montreal Convention are the Supreme Law of the land. U.S. Const. Art. VI, cl. 2; Chan v. Korean Air Lines, Ltd., 490 U.S. 122, 123 (1989).

5. The plaintiff's transportation was "international" because he departed from the United States and traveled to Paraguay on a round trip ticket.

6. The plaintiff's claim, therefore, raises a federal question under 28 U.S.C. §1331. Furthermore, Chapter III, Article 18 of the Warsaw Convention is applicable to the plaintiff's claim for lost luggage[2]. Furthermore, plaintiff's damages are limited by Article 22.2 of the Montreal

---

[1]

Article 1(1) of the Warsaw Convention provides that it applies "to all international transportation of persons, baggage or goods performed by aircraft for hire." 49 U.S.C. app. §1502 note. "International transportation" within the meaning of the Convention is defined in Article 1(2) as:

any transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation or a transshipment, are situated either within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party, if there is an agreed stopping place within a territory subject to the sovereignty, suzerainty, mandate or authority of another power, even though that power is not a party to this convention.

[2]

Article 18 of the Warsaw Convention provides:

(1) The carrier shall be liable for damage sustained in the event of the destruction or loss of, or of damage to, any checked baggage or any goods, if the occurrence which caused the damage so sustained took place during the transportation by air.

(2) The transportation by air within the meaning of the preceding paragraph shall comprise the period during which the baggage or goods are in charge of the carrier, whether in an airport or on board an aircraft, or in the case of

Convention.

7. This cause of action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. §1343 and §1441(b). This cause of action is, therefore, removable to this Court, including any pendent state law claims which are subject to the court's supplemental jurisdiction.

8. The defendant was purportedly served with a copy of the Summons and Complaint upon which this action is based on or about August 23, 2007.

9. That co-defendant, TAM, S.A. consents to the removal of this action to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1441 and § 1331.

10. In accordance with 28 U.S.C. §1446(b), this Notice of Removal is filed within thirty days after receipt by the defendants of a copy of the initial pleading.

11. Based upon the facts set forth above, this Notice of Removal is timely under 28 U.S.C. §1446(b).

12. Pursuant to 28 U.S.C. §1446(a), copies of the Summons and Endorsed Complaint, which constitute all process, pleadings or orders served or filed by the parties in the Supreme Court of the State of New York, New York County, are attached hereto and made a part of this Notice by

---

a landing outside an airport, in any place whatsoever.

(3) The period of the transportation by air shall not extend to any transportation by land, by sea, or by river performed outside an airport. If, however, such transportation takes place in the performance of a contract for transportation by air, for the purpose of loading, delivery or transshipment, any damage is presumed, subject to proof to the contrary, to have been the result of an event which took place during the transportation by air.

reference.

13. The defendant will pay all costs and disbursements by reason of this removal proceeding should it be determined that this case is not removable or is improperly removed.

14. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**WHEREFORE,** and without waiver of any substantial or procedural defenses, defendant, AMERICAN AIRLINES, INC., request that this Court assume jurisdiction over this action and make such further orders as herein as may be required to properly determine its controversy.

Dated: New York, New York
September 19, 2007

Yours, etc.,

**RUTHERFORD & CHRISTIE, LLP**

By: _____
David S. Rutherford (DSR 8564)
Attorneys for Defendant,
AMERICAN AIRLINES, INC.
300 East 42nd Street, 18th Floor
New York, New York 10017
(212) 599-5799

TO: Doyle & Broumand, LLP
Attn: Michael B. Doyle, Esq.
Attorney for Plaintiff
MOUJAN VAHDAT
3152 Albany Crescent
Bronx, New York 10463
(718) 796-2210

TAM, S.A.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that copies of DEFENDANT'S NOTICE OF REMOVAL, TO THE CLERK OF THE SUPREME COURT, NEW YORK COUNTY, NOTICE OF REMOVAL and NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL were served via regular mail to Doyle & Broumand, LLP, Attn: Michael B. Doyle, Esq., Attorney for Plaintiff, MOUJAN VAHDAT, with offices located at 3152 Albany Crescent, Bronx, New York 10463, on this 19th day of September, 2007.

RUTHERFORD & CHRISTIE, LLP

By: _____
David S. Rutherford

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MOUJAN VAHDAT,                                                     Docket No.

                    Plaintiff,                          **NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL**

       -against-

AMERICAN AIRLINES, INC.
TAM, S.A.

                    Defendants.
-----------------------------------------------------------------X

S I R S:

**PLEASE TAKE NOTICE,** that on September 19, 2007, defendant, AMERICAN AIRLINES, INC., duly filed the Notice of Removal in this action, removing this matter in its entirety to the United States District Court for the Southern District of New York.

A copy of the Notice of Removal with copies of all process, pleadings and orders served on the defendant, American Airlines, Inc., and/or filed in the Supreme Court of the State of New York, County of New York are annexed hereto.

Dated: New York, New York
        September 19, 2007               Yours, etc.,

                                                    RUTHERFORD & CHRISTIE, LLP

                                                    By: _____
                                                    David S. Rutherford (DSR 8564)
                                                    Attorneys for Defendant,
                                                    AMERICAN AIRLINES, INC.
                                                    300 East 42nd Street, 18th Floor
                                                    New York, New York 10017
                                                    (212) 599-5799

TO:   Doyle & Broumand, LLP
      Attn: Michael B. Doyle, Esq.
      Attorney for Plaintiff
      MOUJAN VAHDAT
      3152 Albany Crescent
      Bronx, New York 10463
      (718) 796-2210

      TAM, S.A.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
MOUJAN VAHDAT,

Plaintiff,

-against-

AMERICAN AIRLINES, INC.
TAM, S.A.

Defendants.
-----------------------------------------------------------------X

Index No.: 111025/2007

**NOTICE OF REMOVAL TO CLERK OF THE SUPREME COURT OF THE STATE OF NEW YORK, NEW YORK COUNTY**

TO: CLERK OF THE SUPREME COURT OF THE STATE OF NEW YORK,
COUNTY OF NEW YORK
60 Centre Street
New York, New York 10007

**S I R S:**

**PLEASE TAKE NOTICE** that on September 19, 2007, the defendant, AMERICAN AIRLINES, INC., duly filed a Notice of Removal, a copy of which is annexed hereto, removing this action in its entirety to the United States District Court for the Southern District of New York.

Dated: New York, New York
       September 19, 2007

Yours, etc.,

**RUTHERFORD & CHRISTIE, LLP**

By: _____
David S. Rutherford
Attorneys for Defendant
AMERICAN AIRLINES, INC.
300 East 42nd Street, 18th Floor
New York, New York 10017
(212) 599-5799

TO:   Doyle & Broumand, LLP
      Attn: Michael B. Doyle, Esq.
      Attorney for Plaintiff
      MOUJAN VAHDAT
      3152 Albany Crescent
      Bronx, New York 10463
      (718) 796-2210

      TAM, S.A.

## AFFIDAVIT OF SERVICE VIA MAIL

STATE OF NEW YORK      )
                                         ss.:
COUNTY OF NEW YORK  )

**MALTA GONZALEZ**, being duly sworn, deposes and says:

Deponent is not a party to the within action, is over 18 years of age and resides in the County of New York, State of New York.

That on September 19, 2007 deponent served the within **DEFENDANT'S NOTICE OF REMOVAL, TO THE CLERK OF THE SUPREME COURT, NEW YORK COUNTY, NOTICE OF REMOVAL and NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL** upon Doyle & Broumand, LLP, Attn: Michael B. Doyle, Esq., Attorney for Plaintiff, MOUJAN VAHDAT, with offices located at 3152 Albany Crescent, Bronx, New York 10463, in this action, at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Office within the State of New York.

_____
**MALTA GONZALEZ**

Sworn to before me on this 19th day
of September, 2007.

_____
**NOTARY PUBLIC**

DANIEL L. ADAMS
Notary Public, State of New York
Registration #02AD6047029
Qualified in Nassau County
Commission Expires Jan. 10, 20__