UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MOUJAN VAHDAT,

                                  Docket No.: 07 CV 8176 (RMB)

                Plaintiff,        **ANSWER WITH
                                         JURY DEMAND**

   -against-

AMERICAN AIRLINES, INC.,

                Defendant.
-------------------------------------------------------------------x

      Defendant, AMERICAN AIRLINES, INC., by and through its attorneys, **RUTHERFORD & CHRISTIE, LLP,** as and for an Answer to the Endorsed Complaint of the plaintiff herein, respectfully sets forth as follows, upon information and belief:

      FIRST:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "1" of the plaintiff's Complaint.

      SECOND:  Denies the truth of the allegations contained in the paragraph designated as "2" in the plaintiff's Complaint in the form alleged, but admits that AMERICAN AIRLINES, INC. is a Delaware corporation with its principal place of business in Texas and leaves all other questions of law to this Honorable Court.

      THIRD:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "3" of the plaintiff's Complaint.

FOURTH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "4" of the plaintiff's Complaint.

FIFTH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "5" of the plaintiff's Complaint.

SIXTH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "6" of the plaintiff's Complaint.

SEVENTH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "7" of the plaintiff's Complaint.

EIGHTH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "8" of the plaintiff's Complaint.

NINTH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "9" of the plaintiff's Complaint.

TENTH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "10" of the plaintiff's Complaint.

ELEVENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "11" of the plaintiff's Complaint.

TWELFTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "12" of the plaintiff's Complaint.

THIRTEENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "13" of the plaintiff's Complaint.

### AS AND FOR AN ANSWER TO
### THE FIRST CAUSE OF ACTION

FOURTEENTH: With respect to the allegations contained in the paragraph designated as "14" of the plaintiffs' Complaint, defendant repeats, reiterates and realleges each and every response to the plaintiff's Verified Complaint contained in paragraphs "1" through "13" above with the same force and effect as if set forth herein at length.

FIFTEENTH: Denies each and every allegation contained in the paragraph designated as "15" of the plaintiff's Complaint.

### AS AND FOR AN ANSWER TO
### THE SECOND CAUSE OF ACTION

SIXTEENTH: With respect to the allegations contained in the paragraph designated as "16" of the plaintiffs' Complaint, defendant repeats, reiterates and realleges each and every response to

the plaintiff's Verified Complaint contained in paragraphs "1" through "15" above with the same force and effect as if set forth herein at length.

SEVENTEENTH: Denies each and every allegation contained in the paragraph designated as "17" of the plaintiff's Complaint.

### AS AND FOR A FIRST SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH: Upon information and belief that whatever damages the plaintiff may have sustained at the time and place mentioned in the Complaint, were caused in whole or in part by the culpable conduct of said plaintiffs. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, attributable to plaintiff, bears to the culpable conduct which caused said damages.

### AS AND FOR A SECOND SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

NINTEENTH: If it is determined that the plaintiff assumed the risk, the defendant pleads said facts in diminution of damages in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

### AS AND FOR A THIRD SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTIETH: If the injuries and damages were sustained by the plaintiff at the time and place and in the manner alleged in the Complaint, such damages are attributable, in whole or in part, to the culpable conduct of third parties, and if any damages are recoverable against the defendant, the amount of such damages shall be diminished in proportion to the culpable conduct attributable

to third-parties bears to the culpable conduct which caused the damages pursuant to CPLR §1601.

## AS AND FOR A FOURTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIRST: That the Complaint herein or a part thereof fails to state a cause of action upon which relief may be granted.

## AS AND FOR A FIFTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SECOND: The defendants, its agents, servants and/or employees did not take part in or direct any of the acts complained of which resulted in plaintiffs' alleged damages.

## AS AND FOR A SIXTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-THIRD: The plaintiff's action may be barred by the equitable doctrines of waiver, estoppel and unclean hands.

## AS AND FOR A SEVENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FOURTH: Plaintiff's damages were caused and brought about by an intervening and superseding cause and were not caused by the defendant, or by a person or entity for whom the defendants are responsible.

## AS AND FOR AN EIGHTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIFTH: The defendant's liability, if any, to the plaintiff is limited under Article 16 of the Civil Practice Law & Rules of the State of New York.

## AS AND FOR A NINTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SIXTH: Upon information and belief, plaintiff's economic loss, if any, as specified in Section 4545 of the CPLR, was or will be replaced or indemnified, in whole or in part, from collateral sources, and the defendants are entitled to have the Court consider the same in determining such special damages as provided in Section 4545 of CPLR.

## AS AND FOR A TENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: The defendant, AMERICAN AIRLINES, INC., pursuant to Section 1412 of the CPLR, alleges upon information and belief that if the plaintiff sustained any injuries or damages at the time and place alleged in the Complaint, such injuries or damages were the result of the culpable conduct of the plaintiff because of the Plaintiff's negligence or assumption of risk. Should it be found, however, that defendant is liable to the plaintiff herein, any liability being specifically denied, then the answering defendant demands that any damages that are found to be apportioned among the respective parties according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR AN ELEVENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: Any injuries or damages claimed were caused, in whole or in part, by the negligence or other culpable conduct of third-parties over which the defendant had no control or right to exercise such control.

## AS AND FOR A TWELFTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-NINTH: Upon information and belief, this Court has not acquired in personam

jurisdiction over the defendant based upon improper service of process.

## AS AND FOR A THIRTEENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

THIRTIETH:  Pursuant to its tariffs on file with the Department of Transportation of the United States, defendant's liability, if any, is partial only and limited.

## AS AND FOR A FOURTEENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIRST:  The plaintiffs' claim is barred in whole or in part by the doctrine of preemption under the provisions of the Federal Aviation Act and the Airline Deregulation Act of 1978.

## AS AND FOR A FIFTEENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SECOND:  That the complaint herein or part thereof fails to state a claim against AMERICAN AIRLINES, INC.

## AS AND FOR A SIXTEENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-THIRD:  Plaintiffs' claims are barred by the Parol Evidence Rule.

## AS AND FOR AN SEVENTEENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FOURTH:  If the defendant is found liable, and such liability is less than or equal to 50% of the total liability of all persons and/or entities who may be found liable, then the defendant's liability shall be limited to its equitable share, pursuant to Article 16 of the CPLR.

## AS AND FOR AN EIGHTEENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIFTH: The liability of defendant AMERICAN AIRLINES, INC., if any, with respect to the injuries allegedly sustained by plaintiffs, is limited in accordance with AMERICAN AIRLINE's conditions of carriage and contracts of carriage and tariffs.

## AS AND FOR A NINETEENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SIXTH: The travel of the plaintiffs involved international transportation subject to all the terms and conditions of the Convention for the Unification of Certain Rules Relating to International Transportation by Air, commonly referred to as the Warsaw Convention (49 Stat. 3000; T.S. 876; 137 LNTS 11); as amended by the Protocol to amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air, signed at Warsaw on October 12, 1929, commonly referred to as the Hague Protocol (478 UNTS 371), if applicable; and as supplemented by the Agreement Relating to Liability Limitations of the Warsaw Convention and the Hague Protocol, commonly referred to as the Montreal Agreement (Agreement CAB 18990, approved by Order E.23680, May, 1966 (Docket 17325)), if applicable; and defendant American Airlines, Inc. therefore, claim exemption from and limitation of liability in accordance with the terms and conditions of the said Warsaw Convention, inter alia, Articles 17, 18, 19, 20, 21, 22 and 24 of the Warsaw Convention and/or Hague Protocol and/or Montreal Agreement; and all applicable tariffs, including those incorporating the IATA Intercarrier Agreement on Passenger Liability.

## AS AND FOR A TWENTIETH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: Plaintiff's damages are limited and/or barred in their entirety by the

terms and conditions of the Montreal Convention.

### JURY DEMAND

THIRTY-EIGHTH:   Defendant, AMERICAN AIRLINES, INC., demands a trial by jury

as to any and  all issues raised in the Complaint and this answer which are triable before a jury.

**WHEREFORE**, the defendant,  AMERICAN AIRLINES, INC., demands a judgment

dismissing the plaintiff's Complaint, and if such relief is not granted, then that its liability be limited

as prayed herein, together with an award of the costs and disbursements of defending this action and

such other and further relief to which this Court deems just and proper under the circumstances.

Dated: New York, New York
        September 24, 2007

Yours, etc.

**RUTHERFORD & CHRISTIE, LLP**

By:
        David S. Rutherford (DR 8564)
        Attorneys for Defendant
        AMERICAN AIRLINES, INC.,
        300 East 42nd Street, 18th Floor
        New York, New York 10017
        (212) 599-5799

TO:    Doyle & Broumand, LLP
       Attn: Michael B. Doyle, Esq.
       Attorney for Plaintiff
       MOUJAN VAHDAT
       3152 Albany Crescent
       Bronx, New York 10463
       (718) 796-2210

       TAM, S.A.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of ANSWER WITH JURY DEMAND and  NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION were served via regular mail to: Doyle & Broumand, LLP, Attn: Michael B. Doyle, Esq., Attorney for Plaintiff, MOUJAN VAHDAT, with offices located at 3152 Albany Crescent, Bronx, New York 10463,  on this 25th day of September, 2007.

**RUTHERFORD & CHRISTIE, LLP**

By: _____
David S. Rutherford (DR 8564)