A. Rene Hollyer [AH0295]
Orlee Goldfeld [OG4142]
BUTZEL LONG, a professional corporation
380 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 818-1110

*Attorneys for Defendant TAM, S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOUJAN VAHDAT, <br><br> Plaintiff, <br><br> - against – <br><br> AMERICAN AIRLINES, INC. and TAM, S.A., <br><br> Defendant. | Docket No. 07 CV 8176 (RMB) <br><br> ANSWER |

Defendant TAM, S.A. ("TAM"), by its undersigned counsel, Butzel Long, a professional corporation, states the following as its Answer to the Complaint ("Complaint") filed by plaintiff Moujan Vahdat.

1.　　TAM denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Complaint.

2.　　TAM denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of the Complaint.

3.　　TAM denies the averments in Paragraph 3 of the Complaint, except admits that it is a corporation duly formed and existing under the laws of Brazil and is authorized to do business in the State of New York.

4. TAM denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4 of the Complaint.

5. TAM denies the averment contained in Paragraph 5 of the Complaint, except admits that plaintiff obtained a ticket for travel from Sao Paolo, Brazil to Ascuncion, Paraguay on June 9, 2007 and from Ascuncion, Paraguay to Rio De Janeiro on June 12, 2007, and received the reservation code BHZYJD.

6. TAM denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of the Complaint.

7. TAM denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of the Complaint.

8. TAM denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 8 of the Complaint.

9. TAM denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 9 of the Complaint.

10. TAM denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 10 of the Complaint.

11. TAM denies the averments contained in Paragraph 11 of the Complaint, except admits that on June 15, 2007, plaintiff's luggage was delivered to his house located at 56 Pond Road, Kings Point, New York, and avers that the luggage was signed for.

12. TAM denies the averments contained in Paragraph 12 of the Complaint.

13. TAM denies the averments contained in Paragraph 13 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

14. TAM repeats and reavers the averments set forth in Paragraphs 1 through 13 hereof as if fully set forth herein.

15. TAM denies the averments contained in Paragraph 15 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

16. TAM repeats and reavers the averments set forth in Paragraphs 1 through 15 hereof as if fully set forth herein.

17. TAM denies the averments contained in Paragraph 17 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim for which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims have been fully settled and compromised.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### Fourth Affirmative Defense

Plaintiff lacks standing to prosecute these claims.

### Fifth Affirmative Defense

Plaintiff's damage, if any, are the results of the acts and omissions of parties not under the control or supervision of TAM.

### Sixth Affirmative Defense

Plaintiff's damages, if any, are the result of the acts or omissions of Plaintiff or his agents.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by the Convention for the Unification of Certain Rules for International Carriage by Air Done at Montreal on 28 May 1999, reprinted at S. Treaty Doc. No. 10645.

WHEREFORE, defendant TAM, S.A., respectfully requests that the Court enter an order denying all of plaintiff's claims, dismissing the Complaint, awarding TAM its costs and expenses associated with defending this action, including reasonable attorneys' fees, and granting such other and further relief as may be just and proper.

Dated: New York, New York
       March 12, 2008

                                      s/ Orlee Goldfeld
                                      _____
                                      A. Rene Hollyer [AR0295]
                                      Orlee Goldfeld [OG4142]
                                      BUTZEL LONG, a professional corporation
                                      380 Madison Avenue, 22nd Floor
                                      New York, New York 10017
                                      (212) 818-1110
                                      *Attorneys for Defendant TAM, S.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of March 2008, I caused a true and correct copy of the foregoing TAM, S.A.'s Answer to be served by first class mail by depositing same in a sealed wrapper, postage prepaid, in an official depository of the United States Postal Service and addressed to:

>Michael B. Doyle, Esq.
>DOYLE & BROUMAND, LLP
>3152 Albany Crescent, Second Floor
>Bronx, New York 10463
>*Attorneys for Plaintiff Moujan Vahdat*

>s/ Orlee Goldfeld
>―――――――――――――
>Orlee Goldfeld