# DOYLE & BROUMAND, LLP

3152 ALBANY CRESCENT
BRONX, NEW YORK 10463

TEL. 718-796-2210
FAX 718-884-1630

APR 1 1 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/11/08

April 9, 2008

**MEMO ENDORSED**

p2

Honorable Richard M. Berman
United States District Judge
Southern District of New York
40 Centre Street, Courtroom 706
New York, New York 10007

       RE: ***Vahdat v. American Airlines, Inc.***
          ***and TAM, S.A.***
          07 Civ. 8176 (RMB)

Dear Honorable Judge Berman:

  Pursuant to your individual practices dated October 2003, number 1(A), we are writing to your Honor in reply to the letter of Butzel Long, by Ms. Orlee Goldfeld, Esq. sent and received by us, by fax, dated 4/3/08, although the letter is dated April 2, 2008 and delivered to you "BY HAND" per our copy.  It is also in support of our letter request to remand to Sate Court.

  First, the Butzel Long letter violates your individual practices which requires that copies be simultaneously delivered to all counsel, 1.A. Letters. Clearly, the hand delivery to your Honor and faxing to us the next day is hardly simultaneous and violates your individual practices. We submit, based on this alone, that the request be denied.

  Second, we represent the Plaintiff who settled this matter with American Airlines the moment American removed and before our time to remand had expired. TAM moved to dismiss in State Court.  We settled with the intent to have the matter remanded to State Court to deal with the claims against TAM, all of which occurred on the ground, in New York and after

the trip was concluded and the baggage found. The TAM claims deal solely with it and its employees' actions in New York and did not involve international travel. We sent to American's attorneys a stipulation to remand to State Court, but it was never executed. We continued to litigate TAM's motion in State Court, unaware that the matter had not been remanded. As American settled the first cause of action, we were under the belief that the matter had to be returned to State Court as the amount in controversy is the $75,000 claim in the second cause of action.

And while counsel may take a shot at me for not understanding that the entire action would remain even though we settled while it was time to move to remand, she too appeared to waive the removal by proceeding in State Court.

As no discovery has proceeded as the amount in controversy is $75,000 and the requirement under 28 USC §1332 is more than $75,000, we request the Court to remand the case to State Court or grant us permission to move do so.

Respectfully submitted,

Michael B. Doyle

MBD:lp
Cc:  Butzel Long
     Attn: Orlee Goldfeld

> There is no action that is appropriate in Federal court as the case here was settled + closed in Jan 2008 (+ remains closed)
>
> SO ORDERED:
> Date: 4/11/08    Richard M. Berman
> Richard M. Berman, U.S.D.J.